IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LORENZO T. CRITTEN,<br>GDC NO. 1163890,<br>    Plaintiff, | :<br>:<br>:<br>: | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |
| v. | :<br>: | CIVIL ACTION NO.<br>1:09-CV-2753-CAM |
| DAVID E. NAHMIAS; JUDGE<br>MICHAEL E. HANCOCK;<br>RICHARD REED; BOB<br>HOUMAN; GAYLE D. BACON;<br>KEN DIGGS; D. A. FANCESA;<br>JOHN MUMFORD; CHRIS<br>TAYLOR; and WARREN<br>SUMMER,<br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | |

### ORDER AND OPINION

Plaintiff, who has paid the $350.00 filing fee, has filed the instant <u>pro se</u> civil rights complaint, two motions to amend the complaint, and a motion to compel. The matter is presently before this Court for a 28 U.S.C. § 1915A frivolity determination.

I.    <u>The Standard of Review</u>

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a

governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is either: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Ashcroft v. Iqball, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (more than merely "conceivable," the "complaint must be dismissed" when a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face");

2

Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations).

II.  Discussion

Plaintiff, who contends that he is a secured party creditor, alleges that police officers from Rockdale County and DeKalb County violated his constitutional rights by having him arrested, detained, questioned and searched. (Doc. 1 at ¶ IV.) In support, Plaintiff claims the officers searched and arrested him without a warrant or an arraignment. (Id.) Plaintiff also claims that he was not brought before a magistrate judge "without unreasonable or unnecessary delay," and the police officers failed to disclose that Plaintiff's arrest involved a commercial entity. (Id.) Plaintiff also alleges that the grand jury conspired with the state and its agents to deprive him of his rights under the Constitution. (Id., attachment to ¶ IV.) Plaintiff alleges further that his court appointed attorneys, Defendants Gayle D. Bacon and Ken Diggs, conspired with the state and its agents by coercing him to plead guilty.

In his first motion to amend, Plaintiff alleges that all Defendants are guilty of fraud by failing to disclose his secured creditor status. (Doc. 2 at 1-2.) In his

3

second motion to amend, Plaintiff alleges that DeKalb County District Attorney Flemming and Linda Carter, Clerk of the Superior Court of DeKalb County, failed to provide him with a copy of his indictment. (Doc. 4 at 1.) Plaintiff maintains that the indictment "is the property of the Secured Party." (Id. at 2.)

In his original complaint, Plaintiff seeks his release from custody and to be awarded $25,000,000.00 in damages. (Doc. 1 at ¶ V.) In his motion to compel, Plaintiff requests a federal jury trial and an order directing the Clerk of the Superior Court of DeKalb County to forward him a copy of the indictment. (Doc. 3 at 1.)

"Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus." Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). "[R]equests for relief turning on circumstances of confinement may be presented in a § 1983 action." Id. at 750. Importantly, release from custody is not an available remedy in a civil rights action. Preiser v. Rodriguez, 411 U.S. 475, 479 (1973). As Plaintiff's complaint fails to comply with various sections of Rule 2 of the Rules Governing Section 2254 Cases, this Court should not re-file it as a federal habeas corpus petition.

Plaintiff also seeks money damages for his arrest and detention. The Supreme Court has held that a plaintiff must first show that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254 before he can recover money damages in a civil rights action related to his state criminal case. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994); Antonelli v. Foster, 104 F.3d 899, 901 (7th Cir. 1997) (applying Heck to suits "premised as here on the invalidity of confinement pursuant to some legal process, whether a warrant, indictment, information, summons, parole revocation, conviction or other judgment"); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) ("There is no question that Heck bars [plaintiff's] claim that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him."). Plaintiff has failed to allege facts which show that he has satisfied the preconditions set forth in Heck for pursuing money damages related to his conviction.

In so concluding, this Court also notes that Plaintiff has failed to allege more than conclusory claims that his arrest was the result of an illegal search and

seizure. Such conclusions fail to show that his claim of illegal search and seizure "even if successful, will not [also] demonstrate the invalidity of any outstanding criminal judgment against" him. Heck, 512 U.S. at 487; Datz v. Kilgore, 51 F.3d 252, 254 (11th Cir. 1995) (finding that Heck claim concerning constitutionality of search "is inextricably intertwined with the state court judgment; and the federal suit is barred").

A civil rights action barred by Heck, should be dismissed "with prejudice." Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995). However, if Plaintiff "eventually satisfies the precondition to a valid claim under Heck," he is permitted to raise those claims in a new civil rights action. Id. at 165 n.3.

Plaintiff also claims that he was a secured party creditor at the time of his arrest. Plaintiff was convicted of two counts of murder which he committed in 2001 and 2002, and he was arrested on October 7, 2002. (Doc. 1 at ¶ IV; www.dcor.state.ga.us.) Plaintiff's attached UCC Financing Statement shows that he took a security interest in himself on October 20, 2008. (Doc. 1, attached UCC Financing Statement.) Thus, at the time of his arrest, Plaintiff was not a secured party creditor.

AO 72A
(Rev.8/82)

Finally, Plaintiff seeks an order directing the Clerk of the Superior Court of DeKalb County to provide him a copy of the indictment. Plaintiff's request is "in the nature of mandamus." 28 U.S.C. § 1361. Federal mandamus is available only "to compel an officer or employee of the United States . . . to perform a duty owed to the plaintiff." Id. Federal courts have no general power to issue writs of mandamus against State officials. Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275 (5th Cir. 1973); Noe v. Metropolitan Atlanta Rapid Transit Authority, 485 F. Supp. 501, 504 (N.D. Ga. 1980), aff'd, 644 F.2d 434 (5th Cir 1981). This Court is, therefore, without authority to act on Plaintiff's request.

III.   Conclusion

**IT IS ORDERED** that Plaintiff's two motions to amend [Docs. 2 and 4] are **GRANTED**. This amended pro se civil rights complaint is **DISMISSED**. Plaintiff's motion to compel [Doc. 3] is **DENIED**.

**IT IS SO ORDERED**, this 10th day of Dec., 2009.

CHARLES A. MOYE, JR.
UNITED STATES DISTRICT JUDGE

7